*Tuesday, June 7, 1994*

## MOTION DOCKET

**91–2137.** State v. Campbell. *Hamilton County,* No. C–890330. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States,

IT IS ORDERED that said motion be, and the same is hereby, granted, effective June 2, 1994.

IT IS FURTHER ORDERED that the compliance with the mandate and the execution of sentence be, and the same are hereby, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

PFEIFER, J., dissents.

**93–783.** State ex rel. Hunter v. Certain Judges of Akron Municipal Court. In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for writs of mandamus and prohibition.

IT IS ORDERED by the court, *sua sponte,* effective June 2, 1994, that the parties shall comply with the following briefing schedule:

On or before June 17, 1994, the parties shall file all evidence which they intend to present; on or before July 5, 1994, relator shall file her merit brief; on or before July 20, 1994, respondents shall file their merit brief(s); and on or before July 25, 1994, relator shall file any reply brief.

## MISCELLANEOUS DISMISSALS

**92–353.** Brest v. O'Brien. *Trumbull County,* No. 91–T–4620. This cause is pending before the court as an appeal from the Court of Appeals for Trumbull County. On January 27, 1994 the original papers were filed. It appears from the records of this court that appellant has not filed a merit brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective May 31, 1994.

**93–1577.** Heiser v. Ohio Bur. of Workers' Comp. *Summit County,* No. 15913. This cause is pending before the court as an appeal from the Court of Appeals for Summit County. On January 11, 1994 the original papers were filed. It appears from the records of this court that appellant has not filed a merit brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective May 31, 1994.

**93–1855.** Neiderbrach v. Dayton Power & Light Co. *Miami County,* No. 92–CA–54. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Miami County to certify its record. Appellant's request for an extension of time to file his memorandum in support of jurisdiction was denied by this court on February 9, 1994. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective May 31, 1994.